**FILED**
**U.S. District Court**
**District of Kansas**
04/23/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NELSON JOSE ALEXANDRE FILHO,           )
                                       )
                    Petitioner,        )
        v.                             )        Case No. 26-3050-JWL
                                       )
C. CARTER, Warden, FCI-Leavenworth;    )
SAMUEL OLSON, ICE Field Office Director;    )
TODD LYONS, ICE Acting Director;       )
DHS Secretary; and                     )
PAMELA BONDI, Attorney General,        )
                                       )
                    Respondents.       )
                                       )
_____    )


**MEMORANDUM AND ORDER**

Petitioner, acting through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native and citizen of Brazil, entered the United States in 2018. In 2022, petitioner failed to appear at an immigration court hearing, and his removal was ordered *in absentia*. On September 9, 2025, immigration officials served a warrant on petitioner and took petitioner into custody. In October 2025, an immigration judge denied petitioner's motion to reopen his removal case; and on March 20, 2026, the Board of Immigration Appeals (BIA) dismissed petitioner's appeal from that denial. Petitioner is presently detained within this judicial district. On March 13, 2026, petitioner filed the instant

petition.  Respondents filed an answer to the petition, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

The Court first rejects petitioner's claim that his detention has become unreasonably indefinite under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  In that case, the Supreme Court held that although an alien may not be detained indefinitely, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal.  *See id*. at 699-701.  The Supreme Court further held that, beyond that six-month period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *See id.* at 701.  In his petition, petitioner alleges that his removal period began and expired in 2022.  Petitioner concedes, however, that his removal order was entered in 2022 *in absentia*, and as respondents note, such a removal order is stayed when an alien files a motion to reopen his or her case.  *See* 8 C.F.R. § 1003.23(b)(4)(ii).  In his reply, petitioner does not dispute respondents' contention that petitioner's removal period thus began on March 20, 2026, when the BIA dismissed petitioner's appeal and petitioner's removal order again became final.  *See* 8 U.S.C. § 1231(a)(1)(B)(i) (removal period begins when removal order becomes final); 8 C.F.R. § 1241.1(a) (removal order becomes final upon BIA's dismissal of an appeal).  Accordingly, because neither the 90-day removal period nor the Supreme Court's presumptively-

2

reasonable period of six months has expired, petitioner's claim under Section 1231 and *Zadvydas* fails.[1]

The Court also rejects petitioner's due process claim in which he alleges that he is not being detained for the proper purpose of effecting his removal. Petitioner has cited no authority suggesting that his detention during the removal period is unconstitutional. Nor has he shown that his detention is for an improper purpose, as he cannot dispute that his removal is imminent. The petition is therefore denied in its entirety.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 23rd day of April, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[1] The Court notes that even if the *Zadvydas* framework had been triggered here by a detention in excess of six months, he would not be entitled to relief, as respondents have provided evidence (not disputed by petitioner) that petitioner has a passport, that therefore there are no impediments to his removal, and that his removal was actually scheduled for April 15, 2026, before his removal was automatically stayed by his appeal to the First Circuit (which stay has since expired).

[2] In his petition, petitioner asserted a claim that he was improperly taken into custody by immigration officials without a warrant. Respondents submitted evidence that a warrant was in fact served on petitioner at the time of his detention. In his reply, petitioner does not dispute that evidence or address this claim; accordingly, the Court deems this claim to have been abandoned.